USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW ORIENTAL ENTERPRISE, PTE, LTD.,

                      Plaintiff,

-against-

MISSION CRITICAL SOLUTIONS LLC ET AL.,

                      Defendants.

1:20-cv-2327-MKV

ORDER GRANTING LEAVE TO
AMEND AND DENYING MOTION
TO DISMISS AS MOOT

MARY KAY VYSKOCIL, United States District Judge:

    This case arises from a sale of Bitcoin cryptocurrency. Plaintiff New Oriental Enterprise, PTE, Ltd. ("New Oriental") alleges that it entered into an agreement with a cryptocurrency broker in Costa Rica for the purchase of Bitcoin. (Compl. ¶¶ 6–8 [ECF No. 1-3].) New Oriental alleges that it wired $800,000 to a bank account of Defendant Mission Critical Solutions LLC ("MCS") at the direction of the broker but no purchase of Bitcoin was made. (*Id.* ¶¶ 8–9, 12–13.)

    New Oriental brings claims against MCS and three John Doe defendants for fraud, rescission, money had and received, conversion, and unjust enrichment. (*See generally* Compl.) MCS has moved to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and for an award of damages, attorneys' fees, and costs pursuant to N.Y. C.P.L.R. § 6212(e). (Mot. Dismiss [ECF No. 24]; Def.'s Br. [ECF No. 26].) New Oriental opposes the Motion to Dismiss and has cross-moved for leave to amend the Complaint to add two new defendants. (Pl.'s Opp. [ECF No. 33]; Mot. for Leave [ECF No. 30].) MCS opposes New Oriental's Motion for Leave. (Reply [ECF No. 37].)

    New Oriental's Motion for Leave seeks to add as defendants Mark-Anthony Phillips ("Phillips"), originally listed as a John Doe defendant, and Transac-Trade LLC. (Dweck Decl. ¶¶ 4, 6–7 [ECF No. 31].) Phillips is the sole member of MCS and the co-founder and CEO of

1

Transac-Trade. (Def.'s Br. 4.) New Oriental alleges that the cryptocurrency broker in Costa Rica acted on behalf of MCS, Phillips, and Transac-Trade. (Am. Compl. ¶¶ 10, 13.) New Oriental alleges that MCS is a shell company not engaged in any cryptocurrency business and used by Phillips as a front to perpetrate fraud. (*Id.* ¶¶ 15–16, 21.)

New Oriental has filed a proposed Amended Complaint with its Motion for Leave. (Am. Compl. [ECF No. 31-2].) MCS argues that the proposed Amended Complaint "should be dismissed for the same reasons outlined in MCS's motion in chief" and "[n]o other attempts at repleading should be permitted." (Reply 1.)

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). Leave to amend may be denied for "good reason," such as "undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman*, 371 U.S. at 182); *see also McCarthy*, 482 F.3d at 200 (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

While motions for leave to amend are generally governed by Rule 15, motions for leave to amend to add parties are governed by Rule 21. *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (citing *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001)). Rule 21 provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. When addressing

a motion for leave to amend to add parties, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Bridgeport Music*, 248 F.R.D. at 412 (collecting cases).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)). In adopting this rule last year, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.* Accordingly, district courts have "the option of either denying the pending motion [to dismiss] as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Id.* at 303–04.

Where the proposed amended complaint requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–cv–135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa). In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amended complaint. *See e.g.*, *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 16-cv-2690 (ADS)(AKT), 2017 WL 112518, at *3

(E.D.N.Y. Jan. 10, 2017) (collecting cases); *Gentleman v. State Univ. of N.Y.—Stony Brook*, No. 16-cv-2012 (ADS)(AKT), 2016 WL 6892151, at *4 (E.D.N.Y. Nov. 21, 2016).

The Court elects to grant New Oriental's Motion for Leave and to deny the pending Motion to Dismiss as moot. As noted, this is the preferred course where the proposed Amended Complaint requires leave of court. *Rheaume*, 2015 WL 7300790, at *2. Further, New Oriental seeks leave to amend to add two new parties, who have not yet been afforded an opportunity to respond to the alleged claims. *Cf., e.g.*, *Bryan v. I.C. Sys., Inc.*, No. CV 15-6984 (SJF) (GRB), 2017 WL 9485658, at *3 (Aug. 28, 2017) (construing motion to dismiss as directed against proposed amended complaint in part because amendment did not seek to add parties). In addition, "granting leave to amend is consistent with the liberal standard of Rules 15 and 21, and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The Court also finds no undue delay by New Oriental and prejudice to MCS from permitting amendment at this early stage in the litigation. There is no undue delay as the Motion for Leave was filed shortly after MCS moved to dismiss. *See Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (noting that mere delay, absent bad faith or undue prejudice, is not alone grounds to deny leave to amend (collecting cases)). The Court is sympathetic to the delays caused by the COVID-19 pandemic that New Oriental cites for why it was unable to file its motion within twenty-one days of MCS filing the motion to dismiss (Pl.'s Opp. 13.), in which case it would not have required leave of Court to add the two new defendants. Fed. R. Civ. P. 15(a)(1)(B). In addition, there is "no undue prejudice

because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established." *Joint Stock Co.*, 2017 WL 2988249, at *1. There is also no evidence of bad faith as Phillips's identity was revealed to New Oriental through MCS's filings. (Pl.'s Opp. 12.)

The Court is also mindful of judicial economy and preserving the parties' resources. *Pettaway*, 955 F.3d at 303. "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Granting leave to amend the complaint after granting a motion to dismiss is particularly appropriate where, as here, the heightened pleading standard for fraud under Rule 9(b) applies. *S.E.C. v. One or More Unknown Traders in Sec. of Onyx Pharm., Inc.*, 296 F.R.D. 241, 254 (S.D.N.Y. 2013) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)).

By reason of MCS's Motion to Dismiss, New Oriental is on notice of the alleged deficiencies in its pleading. New Oriental is warned that the Court will be reluctant to grant further leave to amend if MCS and the new Defendants successfully move to dismiss the Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2020 WL 5849515, at *13 (S.D.N.Y. Sept. 30, 2020). As such, New Oriental is granted leave not only to add the new Defendants but also to cure any pleading deficiencies.

Accordingly, IT IS HEREBY ORDERED that New Oriental's Motion for Leave is GRANTED. New Oriental is granted leave to add the two new Defendants and any further allegations necessary to cure any pleading deficiencies. New Oriental shall file an Amended Complaint on or before March 26, 2021.

IT IS FURTHER ORDERED that MCS's Motion to Dismiss is DENIED as moot and without prejudice to refile upon service of the Amended Complaint. If they wish to move to dismiss the Amended Complaint, Defendants should consult the Court's Individual Rules of Practice in Civil Cases and ensure compliance therewith.

The Clerk of Court is respectfully requested to terminate docket entries 24 and 30.

**SO ORDERED.**

**Date:  March 11, 2021**      **MARY KAY VYSKOCIL**
**New York, NY**               **United States District Judge**