```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW ORIENTAL ENTERPRISE, PTE, LTD.,

                Plaintiff,

-against-

MISSION CRITICAL SOLUTIONS LLC, a/k/a MCS, MARK-ANTHONY PHILLIPS, TRANSACTRADE, LLC, TRIGON TRADING PARTY LTD., and JOHN DOES 2 and 3,

                Defendants.

1:20-cv-02327 (MKV)

**ORDER DENYING MOTION FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff New Oriental Enterprise, PTE, Ltd., brought this action against Defendants Mission Critical Solutions LLC ("MCS"), Mark-Anthony Phillips, Transactrade, LLC, and Trigon Trading Party Ltd. (collectively "Defendants"), for common law claims arising out of a transaction for $800,000 in Bitcoin. In March 2022, the Court issued an order granting Defendants' Motion to Dismiss, granting Plaintiff leave to amend the Amended Complaint, and granting in part Defendants' Motion for Sanctions against Plaintiff's counsel, Jack Dweck. (Opinion & Order [ECF No. 71]). Plaintiff then filed a Second Amended Complaint, [ECF No. 74], which Defendant moved to dismiss. [ECF No. 82]. Plaintiff thereafter voluntarily discontinued this action. [ECF No. 90]. All that remains is a timely motion for reconsideration of the portion of the Court's Opinion and Order imposing sanctions on Mr. Dweck personally. [ECF No. 73].[1] For the reasons below, the motion is denied.

---

[1] In support of its motion, Plaintiff filed a memorandum of law. (Pl. Br. [ECF No. 73-1]). Defendant did not file an opposition. Shortly after Plaintiff filed its motion, counsel for Defendant filed a Motion to Withdraw on the ground that he has accrued significant legal fees that Defendant has been unable to pay. [ECF No. 76]. At a July 5, 2022 hearing, the Court granted counsel's Motion to Withdraw and granted Defendant 60 days to retain new counsel. [ECF No. 78]. Defendants subsequently retained new counsel. [ECF No. 79].

1

**BACKGROUND**

The Court assumes familiarity with the facts and procedural history of this case. In response to Defendants' motion to dismiss Plaintiff's Amended Complaint, [ECF No. 48], Plaintiff initially opposed the motion by filing a memorandum of law and an affidavit of Plaintiff's counsel, Jack Dweck, Esq. [ECF Nos. 53, 54]. Mr. Dweck swore in his opposing affirmation that Defendant Mark-Anthony Phillips previously had been arrested and had plead guilty in 1994 in the Northern District of New York for embezzling union pension funds. [ECF Nos. 53, 54].

The next day, counsel for Defendant advised Mr. Dweck that the criminal case Plaintiff referenced in its opposition "was filed 3 weeks after my client's 15th birthday so he was most certainly not embezzling funds from the Construction Laborers Union Pension Fund." (Reich Decl. [ECF No. 67] Ex. C). Mr. Reich attached a copy of Mr. Phillip's New York State ID Card, listing his birth year as 1979. (Reich Decl. Exs. C, G). Mr. Reich requested that Mr. Dweck file an amended affidavit, removing the reference to the arrest. (Reich Decl. Ex. C). Only five minutes later, Mr. Dweck responded, declining to amend his filings. (Reich Decl. Ex. C).

Defendants promptly filed a pre-motion letter in anticipation of filing a motion to strike Plaintiff's opposition and for costs and sanctions pursuant to Rule 11. [ECF No. 55]. Plaintiff opposed Defendants' request, stating that the criminal history of Mr. Phillips was relevant to the Motion to Dismiss and that the 1994 arrest and guilty plea evinced Mr. Phillip's propensity for criminal conduct. [ECF No. 56].

The Court then issued an Order to Show Cause, directing Plaintiff to show cause, within seven days, as to why it was not withdrawing its opposition in light of the information that Defendant Mark-Anthony Phillips is not the same Mark Anthony Phillips who plead guilty to embezzlement in 1994. [ECF No. 57]. Several days later, Plaintiff filed a letter seeking leave to

file an amended opposition without any reference to the 1994 arrest and guilty plea. [ECF No. 58]. Then the Court granted leave to file an amended opposition without the false assertion, granted Defendants leave to move for Rule 11 sanctions, and ordered that Plaintiff's original opposition papers be stricken. [ECF No. 63].

Subsequently, the Court granted in part Defendants' Motion for Sanctions, imposing a $2,000 sanction against counsel only (*not* Plaintiff) for refusing to withdraw the prejudicial and factually baseless statement. (Opinion & Order at 18). In particular, the Court found that sanctions were appropriate with respect to Mr. Dweck's failure to withdraw his opposition filings when it became clear that its potentially irrelevant and inflammatory reference to a 1994 arrest and guilty plea for embezzling funds concerned a different Mark Anthony Phillips than the defendant. (Opinion & Order at 13). The Court held that, although Mr. Dweck withdrew the offending filing within 21 days of notice that it contained a misrepresentation, the 21-day safe harbor rule did not apply because the district court had issued an Order to Show Cause, which prompted the withdrawal. (Opinion & Order at 15).

## LEGAL STANDARDS

A motion for reconsideration under Local Civil Rule 6.3 is subject to the identical standards for relief as a motion under Rule 59(e). *See Ramirez v. United States*, No. 05 Civ. 4179 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013). Reconsideration of a court's decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration should be denied unless the moving party "point[s] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Courts consider only compelling reasons for reconsidering a prior decision, including "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Cooper v. Lapra*, No. 18 Civ. 9405 (KPF), 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011)).

## DISCUSSION

Mr. Dweck urges reconsideration of the portion of the Court's Opinion and Order imposing sanctions on the ground that he withdrew the offending filings within the 21-day safe harbor period. (Pl. Br. 3). He argues that the 21-day safe harbor period applies here because, although the Court ordered Mr. Dweck to show cause why he was not withdrawing the offending submission, he contends that it did not specifically order him to show cause why sanctions should not issue. (Pl. Br. 3). He also reiterates that his submission was made in good faith and that when he learned of the factual misstatement in his submission, he immediately took action to confirm the issue with opposing counsel. (Pl. Br. 5). He again represents that he did not immediately withdraw the offending submission because he could not timely reach opposing counsel to confirm

the information about Mr. Phillips, but that once he was able to make contact, he withdrew the offending submission.  (Pl. Br. 5).

As a preliminary matter, although Mr. Dweck withdrew his offending submission within 21 days of its filing, his submission was withdrawn *only after* the Court issued an Order to Show Cause directing Plaintiff to "show cause, in writing, why he [was] not withdrawing his opposition in light of the information that Defendant Mark Anthony Phillips is not the same Mark Anthony Phillips who pleaded guilty to embezzlement in 1994."  [ECF No. 57.]  In this situation, where the Court orders "an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)," Fed. R. Civ. P. 11(c)(3), "the 21-day safe harbor *does not apply*." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (emphasis added); *see also* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment ("[T]he rule does not provide a 'safe harbor' to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative.").  Indeed, it would make little sense to provide Mr. Dweck the benefit of the 21-day safe harbor where, as here, the Court *ordered* Mr. Dweck to respond within a shorter period of time.  Mr. Dweck is therefore not entitled to the 21-day safe harbor.

Mr. Dweck's remaining arguments were made previously in opposition to Plaintiff's motion for sanctions and he may not use a motion for reconsideration as a vehicle to relitigate this issue.  *Analytical Surveys*, 684 F.3d at 52 (a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (cleaned up)).  Mr. Dweck's original submission in opposition to Defendants' Motion to Dismiss contained an accusation against Mr. Phillips that was false, inflammatory, and also clearly irrelevant to the motion at hand.  Although he withdrew

the offending submission in response to the Court's Order to Show Cause, it was well after Defendant had presented Mr. Dweck with irrefutable proof that the statement in his filing concerning Mr. Phillips criminal history was false. Accordingly, Mr. Dweck is admonished that any future filings must comport with Rule 11 and that any factual representations made to the Court either "have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

## CONCLUSION

For the foregoing reasons, Defendants Motion for Reconsideration [ECF No. 73] of the Court's award of sanctions [ECF No. 71] is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry 73 and, in light of Plaintiff's Notice of Voluntary Dismissal, [*see* ECF No. 90], to close this case.

**SO ORDERED.**

**Date: March 8, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**